# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TARUN KUMAR VYAS,** | ) | |
| Petitioner, | ) ) ) | Case No. 7:23CV00102 |
| v. | ) ) | **OPINION** |
| **SHERIFF BRYAN HUTCHESON,** | ) ) | JUDGE JAMES P. JONES |
| Respondent. | ) ) ) | |

*Tarun Kumar Vyas, Pro Se Petitioner.*

The petitioner, Tarun Kumar Vyas, as a state pretrial detainee proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He asked this court to dismiss the state indictments, among other things. Based on my careful review, I conclude that Vyas' Petition and his many associated motions must be summarily dismissed.

I.

When Vyas filed this petition in February 2023, he faced indictments returned in the Rockingham County, Virginia, Circuit Court on June 21, 2022.[1] They charged him with multiple counts of possession of child pornography, second offense. The offense date is listed as February 16, 2021. Vyas pleaded not guilty.

---

[1] The facts about Vyas's criminal charges and the court proceedings have been gleaned from various sections of Vyas's petition and from the state court's records online.

Vyas' initial Petition is 206 pages in length including its exhibits. Vyas then filed multiple motions to expand on his allegations and arguments. He also submitted many other, often repetitive motions — to seek appointment of counsel in the habeas case, to be granted partial summary judgment, to amend or supplement, to admit certain recordings, and to appoint a wireless phone expert.

Vyas admits that he had not presented any of his constitutional claims to any state court at the time he filed his § 2241 petition in this court. However, Vyas asserts that § 2241 does not include a requirement that a petitioner must first exhaust state court remedies. He also claims that even if exhaustion is normally required, he is excused from exhaustion because of "exceptional circumstances," namely various instances of bad faith by state prosecutors and related investigators. Pet. 11-13, ECF No. 1.[2] The Petition lists fifty-one such instances of purportedly bad faith including the prosecutor's delay for months before turning over data from the devices involved in the child pornography charges; changing judge assignments and hearing dates, causing delay; the postponement of the trial date without justification multiple times in nearly two years; the multiplicitous indictments that violated double jeopardy; prosecuting Vyas under an unconstitutional statute; defective grand jury

---

[2] Citations to page numbers in documents from the docket refer to the numbers assigned by the court's electronic filing system and not to page numbers Vyas may have assigned in his paper submissions to the court.

proceedings; an unreasonable custodial interrogation of Vyas; search warrant affidavits that failed to show probable cause to support the scope of the searches; and the lack of sufficient evidence of possession and distribution of child pornography. Vyas denies such possession or distribution and asserts that he was not present at the physical sites where it was allegedly distributed.

From the many pages attached to the Petition, it appears that Vyas seeks multiple forms of relief, including a declaration that the statute underlying the indictments is unconstitutional; suppression of statements Vyas made to law enforcement; suppression of evidence obtained from his phone; dismissal of the indictments; a fair and public state court trial; and recusal of the prosecutor.

State court records online indicate that Vyas was tried before a jury on May 25 and 26, 2023. The jury found him guilty on multiple charges. The trial court has scheduled a sentencing hearing for September 7, 2023.

II.

After review of Vyas's submissions, I am satisfied that his Petition must be summarily dismissed. The type of relief Vyas seeks — dismissal of state court indictments and federal court interference during the pretrial stage of state court criminal proceedings — are inappropriate relief under § 2241. Moreover, as Vyas has now been convicted in state court, many of his pending claims in this action are moot.

There are only limited circumstances in which a pretrial detainee can seek federal habeas corpus relief under § 2241 before the entry of a final court judgment against him. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). As noted in *Moss v. Salmon*, No. 7:22-CV-00039, 2022 WL 1094723, at *2 (W.D. Va. Apr. 12, 2022):

> In *Dickerson*, the court noted a distinction (also recognized by other federal circuit courts of appeals, as discussed therein) between speedy trial claims attempting to dismiss an indictment or prevent a prosecution and claims attempting to force the state to go to trial. Only the latter is appropriate for pretrial resolution. The *Dickerson* court summarized the rule as follows: "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." 816 F.2d at 226.

I find the reasoning in *Dickerson* and *Moss* to be persuasive. Thus, to the extent that Vyas asked this federal court to prevent him from being tried in state court and order his release, or to order the state court to take any particular action related to the state court charges, I cannot find that Vyas has stated a viable claim for relief in this pretrial habeas case.

More importantly, a pretrial detainee must generally exhaust state court remedies before filing under § 2241. While no exhaustion requirement is included in the statute itself, it is well established that "federal courts should abstain from the exercise of [ ] jurisdiction [under § 2241] if the issues raised in the petition may be

resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

As stated, Vyas admits that he did not present any of his § 2241 claims to any state court before filing his Petition. He claims that his list of purported bad faith actions during the state court proceedings are exceptional circumstances excusing him from the exhaustion requirement.

Vyas is not pursuing his Petition as a last resort, with no other available legal remedies. The situations described are run-of-the-mill defense motions or matters that a defendant must make to the trial court, before or during trial, and then during the state court appeals and habeas corpus proceedings that may follow. I find no exceptional circumstance making apparent the need for relief under § 2241 without first requiring Vyas to present his concerns to the state courts through the normal legal remedies available there. I will summarily dismiss his Petition and all motions he has filed in relation to that Petition.[3]

A separate Final Order will be entered herewith.

                    DATED:  August 22, 2023

                    /s/  JAMES P. JONES
                    Senior United States District Judge

---

[3] As mentioned, Vyas has filed multiple motions asking the court to appoint counsel to assist him in this § 2241 proceeding. Given the finding that Vyas cannot proceed with his § 2241 claims because he did not first exhaust state court remedies, I cannot find that the interests of justice warrant appointment of counsel.