# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

| | | |
|---|---|---|
| **TARUN KUMAR VYAS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:23CV00102 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SHERIFF BRYAN HUTCHESON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Tarun Kumar Vyas, Pro Se Plaintiff*

The petitioner, Tarun Kumar Vyas, as a state pretrial detainee proceeding pro se, filed this action as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, requesting that the court dismiss state indictments, among other things.  The petition was dismissed on August 22, 2023, and that decision was affirmed by the Fourth Circuit Court of Appeals.  Currently before the court is a filing, which Vyas titles as a Motion to Compel.  Upon review, I conclude that the motion should be denied.

In the motion, Vyas requests various nonsensical forms of injunctive relief. Assuming that Vyas is requesting that the court alter or amend judgment, or is otherwise seeking relief from the judgment, his motion must be dismissed as untimely filed.

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within twenty-eight days after the entry of that judgment.  Furthermore, a motion for relief of a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure must be made within a reasonable time, but no more than a year after entry of the judgment.  The case was dismissed on August 22, 2023.  The motion was not mailed until November 6, 2025, well beyond the deadline for filing a motion under either rule.

In any event, the relief requested in Vyas's motion is without merit and cannot be granted by the court.  *See Standard Oil Co. of Ca. v. United States,* 429 U.S. 17, 19 (1976) (giving authority to district courts to "recognize frivolous Rule 60(b) motions"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (determining that claims fail where they are based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless").

For the reasons stated, it is hereby **ORDERED** that Vyas's motion is DENIED.

ENTER:  November 17, 2025

/s/  JAMES P. JONES
Senior United States District Judge